# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES GORDON LEONARD | § | |
| VS. | § | CIVIL ACTION NO. 1:13-CV-600 |
| GIDEON A. DANIEL, P.A., *et al.*, | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, James Gordon Leonard, an inmate confined at the Mark Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Gideon A. Daniel, P.A., and L. Midkiff, R.N.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends defendants' motion for summary judgment asserting qualified immunity be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

As outlined by the Magistrate Judge, plaintiff's own sworn declaration demonstrates plaintiff was seen and treated by defendant Daniel on February 8, 2013, in addition to other providers over the course of several months. Plaintiff's dissatisfaction with the treatment he received is insufficient to state a constitutional claim. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Furthermore, the Fifth Circuit has held, "deliberate indifference is especially hard to show when the inmate was provided with ongoing medical treatment." *Fails v. DeShields*, 349 F. App'x 937, 976 (5th Cir. 2009). And, a mere delay in receiving care is not in and of itself a constitutional violation

but rather "can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] results in substantial harm." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)).

There is no record evidence suggesting plaintiff suffered substantial harm in connection with the delay in receiving the medication. Finally, plaintiff's own sworn declaration suggests, at most, that plaintiff's claims amount to claims of negligence and are thus insufficient to state a constitutional claim. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). Plaintiff has failed to show the existence of a disputed material fact issue as to whether defendants Daniel and Midkiff were deliberately indifferent to his serious medical needs and, therefore, has failed to rebut the affirmative defense of qualified immunity.

## ORDER

Accordingly, the objections of plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**.

So **ORDERED** and **SIGNED** this **28** day of **March, 2016.**

_____
Ron Clark, United States District Judge